## 38466. MARCUS v. THE STATE.

CLARKE, Justice.

Appellant, Paul Robert Marcus, an out-of-state attorney, presented an order for an appearance bond for his client to a deputy sheriff. Appellant knew that the court had orally set bail at $300,000.00 and that the written order contained a typographical error so that it read "$300,00.00." The client was released on $30,000.00 bail. Appellant was indicted under Code Ann. § 26-2408, the indictment charging that he did "knowingly and willfully conceal and cover up by trick, scheme and device, a material fact . . . ." Appellant's general demurrer to the indictment was denied. We granted appellant's interlocutory appeal.

The indictment in this case is defective, according to appellant, because (1) the statute should not be interpreted to apply to mere omissions, (2) the indictment does not allege any criminal conduct on the part of appellant, and (3) the offense charged in the indictment does not meet the test of concealment of a *material* fact. Appellant also asserts that the statute is unconstitutional in that it is overbroad and vague, both on its face and as applied to the facts in this case.

We do not reach appellant's constitutional arguments since we find that the indictment does not allege an offense under the statute. The indictment charges appellant with knowingly and wilfully concealing or covering up a material fact by scheme, trick or device. We find that concealing a fact by scheme, trick or device requires an affirmative act on the part of a defendant. See, e.g., United States v. London, 550 F2d 206 (5th Cir. 1977), interpreting 18 USC § 1001, a federal statute very similar to the Georgia statute. This result is mandated by a consideration of the effect of the statute upon other

rights of the individual. As the court noted in London, supra, "In construing a statute that will often come dangerously close to trenching on fifth amendment rights, one ought not punish concealments or false statements that fall short of constituting affirmative acts." Id. at 212.

There is no allegation that the court order involved in this case was altered by appellant, nor is there any allegation that the order was invalid. Appellee simply argues that an affirmative act was committed when appellant presented the order to the deputy sheriff knowing that it contained an error. We must agree with appellant that, taking all the facts alleged in the indictment as true, presentation of a valid, though erroneous, order of the court to a deputy sheriff cannot constitute criminal conduct.

We do not reach the question of whether the behavior of appellant as an attorney was ethical nor do we consider the possibility of disciplinary action against him. These issues are not before us. It is important to recognize, however, that behavior which might be unethical and might even subject an attorney to discipline by the State Bar does not necessarily rise to the level of criminal conduct. When judging criminal conduct, the court may not apply to an attorney a standard different from that applied to a layman. To do so would raise grave equal protection questions. It is therefore essential that we not confuse possibly unethical conduct with criminal conduct. While these types of conduct may be similar, they are not synonymous in every case. The possibly unethical conduct here does not rise to the level of criminal conduct within the statute. Accordingly, the general demurrer to the indictment should have been sustained and the indictment dismissed.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 29, 1982.

*Garland, Nuckolls & Catts, Edward T. M. Garland, John R. Hesmer,* for appellant.

*Thomas J. Charron, District Attorney, Joe Chambers, Assistant District Attorney,* for appellee.